CHARLES A. WELCH, Petr. for Habeas Corpus

*vs.*

SHERIFF OF FRANKLIN COUNTY.

MAYNARD H. WARE, Petr. *vs.* SAME.

*R. S., c. 99, §§ 5, 17; c. 132, § 5; c. 133, § 16; Stat. 1821, c. 76, § 1;*
*1893, c. 222, § 2; 1897, c. 264.*

Franklin.    Opinion July 26, 1901.

*Habeas Corpus.    Warrant to Commit.    Bail.*

In April, 1901, the petitioners who were charged with a felony, after hearing before a trial justice in Franklin county were ordered to furnish bail for their appearance at the next September term of this court for that county and were committed for their failure to comply with said order. They have never made any application to be admitted to bail, but petition for the writ of habeas corpus that they may be discharged. *Held;* in each case:

1. That the next June term might have had cognizance of the offense with which the petitioner was charged, and the order was therefore invalid.

2. That as the petitioner may at any time be admitted to bail by a bail commissioner for the county and should not be discharged for a mere informality in the warrant of commitment, there is no necessity for the writ to issue and that the petition should be dismissed.

On report.    Judgment for State.

Petitions for habeas corpus and certified by the presiding justice to the chief justice for immediate decision.

*E. O. Greenleaf*, for petitioners.

*H. S. Wing*, county attorney, for sheriff.

SITTING:   WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, SAVAGE, POWERS, JJ.

POWERS, J.    The petitioners were brought before a trial justice in Franklin county in April, 1901, charged with the crime of cheating by false pretenses.    After hearing, the trial justice found

probable cause to charge the accused and ordered each of them to recognize in the sum of $300, for his appearence at the September term 1901, of the Supreme Judicial Court of Franklin county. This they refused to do and they were thereupon committed to jail, from which commitment they now seek to be discharged on the ground that the magistrate could not order them to recognize for the September term, but only for the June term.

The act establishing the June term, Laws of 1893 ch. 222 § 2, enacted that it should be held for the transaction of civil business only, except for the trial of indictments found by a grand jury in attendance, and should be held without a grand jury unless a justice of this court should otherwise specially order. The limitation to civil business, and to the trial of indictments found at the same term, was stricken out by the Laws of 1897 c. 264, leaving simply the limitation that the term should be held without a grand jury unless otherwise specially ordered as above, and the same act further provided that when no grand jury should be in attendance all recognizances to the June term should be continued to the next term.

The result of this legislation is that criminal as well as civil business may be transacted at the June term, but that no grand jury is present unless specially ordered, and in case no such special order is made, all recognizances to the June term are continued. If such an order were made, the June term would have cognizance of the offense with which the petitioners were charged, and if not made, the September term next following would have cognizance of it. The petitioners, therefore, should have been ordered to recognize for their appearence at the June term and the order made was invalid. Revised Statutes, ch. 132, § 5, is but a condensation of R. S., 1821, ch. 76, § 1, which in express terms confined the power of the magistrate in ordering bail to " require of the offender to find sureties to appear and answer for his offense at the Supreme Judicial Court, or Circuit Court of Common Pleas, next to be held within or for the same county."

Should the prayer of the petitioners be granted? They are in confinement, charged with the commission of a felony, and are not

entitled ,to the writ of habeas corpus as a matter of right. R. S., ch. 99, § 5, par. 1. No grand jury was ordered for the June term and the first term, at which the charge can be investigated by the grand jury, is the September term. They refused to enter into the illegal recognizance ordered by the magistrate, but the case does not show that they have made any application to any justice of this court, or bail commissioner for the county to be bailed, any one of whom has full authority to admit them to bail. R. S., ch. 99, § 5, and ch. 133, § 16. Upon such application the justice or commissioner has full power to fix the amount and terms of the recognizance, and the irregularity of which the petitioners complain would have been avoided. In *Belgard* v. *Morse*, 2 Gray, 406, a case very similar to those at bar, the petitioner was committed to jail for failure to comply with the order of the justice to recognize in the sum of ———— dollars for his appearance at the next term of court. The court held that in view of the provisions of the Massachusetts statute allowing any justice of the court of common pleas, or any two justices of the peace and quorum, to admit to bail, there was no occasion for the writ to issue, and dismissed the petition saying, "it is very clear that if the petitioner were here on habeas corpus, the court would only fix the amount of the bail."

In the cases before us the petitioners have made no application to be bailed, and if the writs should issue, the court upon habeas corpus would order the petitioners remanded with an order fixing the sum in which each should be held, and the court at which he should be bound to appear, and a justice of the peace might then bail them pursuant to such order. R. S., ch. 99, § 17.

The petitions should be dismissed. Such a result works no hardship to the petitioners who can be admitted to bail by any bail commissioner for the county. Their claim that they might have been able to furnish sureties for the shorter time, and then at the June term could perhaps have furnished sureties again, has little merit when we consider that they have made no application to be admitted to bail, and little probability, in view of the fact that sureties for whatever length of time furnished may at any time

surrender their principal and exonerate themselves from all' lia--
bility.

By agreement this case was certified to the Chief Justice for
immediate action, and the certificate states that if the order of
recognizance is valid, and the mittimus valid, the petitions are to be
dismissed and the petitioners remanded to the custody of the
sheriff, otherwise each prisoner is to be discharged. These peti-
tions are addressed to the discretion of the court. Such an agree-
ment cannot limit its powers or control its action. The sheriff is
but a nominal party; the public have an interest in all criminal
prosecutions, to protect innocence and punish crime. In such cases
it has always been discretionary with the court to admit to bail
upon the return of the habeas corpus, and mere informality of the
warrant of commitment is not of itself a sufficient ground for the
discharge of the petitioners. In each case the mandate must be,

*Petition dismissed.*